| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>Jonathan Schwalb, Esq.<br>Friedman Vartolo LLP<br>85 Broad Street, Suite 501<br>New York, New York 10004<br>Attorney for SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of Chalet Series III Trust<br>P: (212) 471-5100<br>Bankruptcy@FriedmanVartolo.com | Order Filed on January 3, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| IN RE:<br><br>Eduardo Perez aka<br>Edwin Perez<br><br>Debtor(s) | Judge: Vincent F. Papalia<br><br>Chapter 13<br>Hearing: December 19, 2019<br>Case No.: 18-18890 |

## ORDER RESOLVING OBJECTION TO LOSS MITIGATION

      The consent order set forth on the following pages, numbered two (2) through two (2), is hereby **ORDERED**.

**DATED: January 3, 2020**

                                                       **Honorable Vincent F. Papalia**
                                                       **United States Bankruptcy Judge**

THIS MATTER having been brought before the Court by Russell L. Low, Esq., attorney for the Debtor, Eduardo Perez ("Debtor"), upon the filing of a request to extend Loss Mitigation, SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee for the Chalet Series III Trust, ("Secured Creditor"), by and through its attorneys, Friedman Vartolo, LLP, having filed an Objection to the request to extend loss mitigation, and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for good cause shown;

**IT IS HEREBY ORDERED** as follows:

1. The Trustee is authorized not to pay the secured arrearage claim of Secured Creditor so that Debtor can apply for, and potentially complete, a loan modification. Debtor's loan modification submission shall be completely submitted no later than **January 7, 2020**. Upon the submission being timely received and complete, Secured Creditor to issue decision no later than **February 13, 2020**.

2. If the loan modification package is not timely submitted or a loan modification is not approved or granted, loss mitigation is hereby immediately terminated without further application or Order of this Court.

3. If no loan modification is approved, Secured Creditor will promptly notify the Trustee, with copy to Debtor's attorney, and within thirty (30) days of such notification, the Debtor shall file one of the following:

    a. A Modified Plan to cure the arrearage claim and any subsequent arrears to Secured Creditor; or a
    b. Modified Plan to surrender the property subject to said claim; or a
    c. Notice to Convert to Chapter 7; or a
    d. Notice to Dismiss the Case.

4. Debtor acknowledges that the monthly post-petition mortgage payment is subject to change in accordance with the terms of the note and mortgage. Furthermore, post-petition payments / trial period payments (if applicable) shall continue to be tendered outside the plan while the loan modification process is pending.

5. This Order shall be incorporated in and become part of any Order Confirming Plan in the herein matter.